UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY PRINCE,<br><br>                    Plaintiff,<br><br>             -against-<br><br>TD BANK N.A.; RIAZ E. AHMED; MANJIT SING, Chief Financial Officer; TB BANK GROUP/ TD BANK et al; RIAZ E. AHMED, Chief Financial Officer,<br><br>                    Defendants. | 1:20-CV-0660 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Jeffrey Prince, of Laurelton, Queens County, New York, appears *pro se* and brings this action under the Court's federal-question jurisdiction. He sues TD Bank, N.A.; "TD Bank Group/TD Bank";[1] Riaz E. Ahmed, a TD Bank Chief Financial Officer; and Manjit Singh, another TD Bank Chief Financial Officer. Plaintiff alleges no facts in his complaint's statement of claim. And he fails to state any injuries he has suffered or the relief he seeks. But he attaches to his complaint a document styled as a "Final Arbitration Award" in which he was purportedly awarded $399,028.66. The Court therefore construes Plaintiff's complaint as a motion brought under the Federal Arbitration Act ("FAA") to confirm that arbitration award. *See* 9 U.S.C. § 9.

By order dated February 25, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court directs Plaintiff to show cause, within 30 days of the date of this order, why the Court should not

---

[1] The Court understands Defendants "TD Bank, N.A." and "TD Bank Group/TD Bank" to be one entity. Thus, the Court will refer to these defendants collectively as "TD Bank."

deny the motion because the Court lacks subject-matter jurisdiction to consider it, the defendants did not agree to arbitrate, and because the motion is frivolous.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff attaches to his complaint a 37-page document styled as a "Final Arbitration Award" that was purportedly issued by the HMP[2] Arbitration Association, of Bakersfield, California. The document states that it is the resolution of a dispute between "Jeff-A: Prince, a Natural Man" as "Claimant," and TD Bank, Singh, and "et al." (ECF 2, at 11.) It lists Haneef Abdullah of New Jersey, Kirsten Senn of Texas, and Curtis Sullivan of Oregon as the arbitrators who issued the award. (*Id.* at 10, 12.) The document also states that it was issued on October 24, 2019 (*id*. at 42), but it does not clearly show where it was issued from.

---

[2] "HMP" stands for "Healing My People." (ECF 2, at 15.)

The document consists primarily of meaningless legalese. It also states that the "hearing location" for the arbitration was "virtual." (*Id.* at 12.) It further states that the dispute "was set for review of arbitration and punitive damages assessment after the receipt of the application and dispute resolution complaint on October 5, 2019." (*Id.* at 14.) In addition, it asserts that the "Arbitrators . . . reviewed all submitted documents and Proofs of Service; permanently affixed to this record by reference[] granting each party the opportunity to submit documentation, records, proofs, evidence, exhibits, affidavits related to the instant matter, the contract 701830900000159230053JPLN01©, its terms, premises, promises, and obligations on or about July 9, 2019." (*Id.*)

The document states, among other things: On or about July 9, 2019, Plaintiff, TD Bank, Singh, and other unspecified parties ("Respondents") "entered into a written, self-executing, binding, irrevocable, contractual agreement coupled with interests, for the complete resolution of their mis-convictions and other conflicts respecting their previous relationship." (*Id.* at 17.) Respondents "attempted to change the terms of that contractual agreement and [Plaintiff] presented a counteroffer or conditional acceptance to" them. (*Id.*) Respondents' failure to respond to Plaintiff's counteroffer "equate[ed] to tacit acquiescence thereby creating an estoppel respecting . . . any future claims and/or prior claims and/or present claims associated with the instant matter." (*Id.*) The parties have agreed to "not argue, controvert, oppose, or otherwise protest ANY of the facts already agreed upon by the parties and established herein; and necessarily and of consequence arising therefrom, in ANY future remedial proceeding(s)/action(s), including binding arbitration and confirmation of the award . . . ." (*Id.* at 19.)

The document further states that:

> a dispute has arisen under the agreement between the parties and it is the subject matter at bar. [Plaintiff] contends that after agreement to the terms of the contract, the Respondent(s) have failed to fully perform to the terms of the agreement and [Plaintiff] is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement.

(*Id.* at 17-18.) According to the document, on October 24, 2019, the arbitrators held a "review and punitive damages hearing" where they "reviewed all contractual agreements and documentary evidence submitted by the parties in this matter." (*Id.* at 34.)

The document does not specify the parties' obligations under any contract, or how Respondents failed to carry out their contractual obligations. But it states that "all the elements that form a contractual agreement and a legally commercial binding obligatory relationship are present" (*id.* at 14), but that Respondents "failed to fully perform to the terms of the agreement," and that Plaintiff is awarded $399,028.66 (*id.* at 35). It also states that "there is no fraud and/or any attempt to induce fraud and/or to commit fraud, and/or inducement of contract, and/or fraud in the factum respecting the instant matter and contract." (*Id.* at 14.)

## DISCUSSION

### A. Subject-matter jurisdiction

A party filing a motion under the FAA to confirm an arbitration award must allege facts showing an independent jurisdictional basis for the Court to consider that motion because the FAA, by itself, "bestows no federal jurisdiction." *Landau v. Eisenberg*, 922 F.3d 495, 497-98 (2d Cir. 2019) (internal quotation marks and citation omitted). Plaintiff asks the Court to confirm an arbitration award that arises from a breach-of-contract dispute – a type of dispute that is normally resolved under state law. The Court must therefore examine whether it has diversity – not federal-question – jurisdiction to consider the motion.

4

To invoke the Court's diversity jurisdiction, a plaintiff must first allege that he and the defendants are citizens of different States. 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State.").

For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* And a national bank is considered to be a citizen of the "State designated in its articles of association as [the location of] its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *see* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all [diversity] actions by or against them, be deemed citizens of the States in which they are respectively located.").

There is a second component to diversity jurisdiction − the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by the plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional

amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Plaintiff alleges that he is a citizen of New York, and seems to allege that TD Bank, a national bank, is also a citizen of New York because it has its principal place of business in New York, New York. (ECF 2, at 2-3.) He also alleges that TD Bank has a post office box address in Lewiston, Maine. (*Id.* at 9.) He does not allege the location of TD Bank's main office, as designated in its articles of association.[3]

In addition, Plaintiff seems to allege that Singh is both a citizen of New York and of New Jersey because of TD Bank's locations in New York, New York, and in Cherry Hill, New Jersey. (*See id.* at 4, 9.) Plaintiff alleges nothing about Ahmed's citizenship. And he fails to allege any facts showing why his claims exceed the sum or value of $75,000, let alone, why he should be awarded $399,028.66.

Accordingly, Plaintiff has failed to allege sufficient facts to show that this Court has diversity jurisdiction to consider his motion to confirm an arbitration award. The Court therefore directs Plaintiff to show cause why the Court should not deny the motion because the Court lacks subject-matter jurisdiction to consider it.

**B.      HMP arbitration awards**

This is not the first time that a federal district court has been asked to consider an arbitration award issued by an "HMP" organization.

The United States District Court for the District of Arizona vacated an arbitration award purportedly issued by an arbitrator from "HMP Dispute Resolution." *Orman v. Cent. Loan*

---

[3] Another federal district court has noted, however, that TD Bank is a citizen of Delaware because its main office is located in that State. *See Nucci v. PHH Mortg. Corp.*, No. 14-CV-2683, 2015 WL 1476892, at *3 n.2 (E.D.N.Y. Mar. 26, 2015).

*Admin. & Reporting*, No. 19-CV-4756, 2019 WL 6841741 (D. Ariz. Dec. 12, 2019). That court held that the respondents' silence in response to the movant's counteroffer to arbitrate did not constitute the respondents' agreement to arbitrate, and that there was no contract between the parties. *See id*. at *4-5. The court stated that the movant

> crafted a 'self-executing unilateral arbitration agreement' that she then sent to the general correspondence addresses of Respondents. When this mailing was ignored or explicitly rejected, [the movant] took her document to some sort of self-proclaimed arbitrator. That arbitrator, with zero analysis and zero input from Respondents, summarily awarded [the movant] over $10 million, a figure that was not rooted in any factual or legal basis whatsoever. When notices of a seemingly random arbitration related to a long-ignored document were ignored by Respondents, [the movant] then thought it appropriate to ask the Court to confirm her award.

*Id.* at *7 (footnote and citations omitted). The court described that civil action as "completely frivolous," and stated that the movant "concocted a rambling document that she then had rubber-stamped by an arbitrator who merely restated the near-gibberish contained in [the movant's] 'counteroffer.'" *Id.* at *6. The court sanctioned the movant and her counsel by ordering them to pay the respondents' legal fees. *Id.* at *7-8.

The United States District Court for the District of Minnesota vacated, for similar reasons, an arbitration award issued by "HMP Dispute Resolution Arbitration." *See Swanson v. Wilford, Geske, & Cook*, No. 19-CV-0117, 2019 WL 4575826 (D. Minn. Aug. 30, 2019), *report & recommendation adopted*, 2019 WL 4573252 (D. Minn. Sept. 20, 2019). That court found that the plaintiff failed to show that the defendants agreed to arbitrate – there was no "agreement to arbitrate between the parties which would support the purported 'Arbitration Award.'" *Id.* at *5-7.

The Court notes that "[a]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. Thus, [the Court's] task is to determine whether [the parties] entered into an agreement to arbitrate." *John Hancock*

7

*Life Ins. Co. v. Wilson*, 254 F.3d 48, 58 (2d Cir. 2001) (internal quotation marks and citation omitted).

In light of the other district courts' holdings regarding arbitration awards issued by "HMP" organizations, and because the Court has reason to believe that the arbitration award that Plaintiff asks the Court to confirm is fabricated, the Court also directs Plaintiff to show cause why the Court should not deny the motion because the defendants did not agree to arbitrate and because the motion is frivolous.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court directs Plaintiff to show cause, within 30 days of the date of this order, why the Court should not deny Plaintiff's motion to confirm an arbitration award because the Court lacks subject-matter jurisdiction to consider it, the defendants did not agree to arbitrate, and because the motion is frivolous. If Plaintiff fails to show cause within that period, the Court will deny the motion for the reasons specified in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 23, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge